13-230-bk
In re Lyondell Chemical Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of October, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
                      *Circuit Judges*.

_____

IN RE LYONDELL CHEMICAL COMPANY,

                              *Debtor*.

_____

ROUTE 21 ASSOCIATES OF BELLEVILLE, LLC,

                              *Appellant*,

             -v-                                          13-230-bk

MILLENNIUM CUSTODIAL TRUST,

                              *Appellee*.

_____

Appearing for Appellant:     John H. Klock, Gibbons P.C., Newark, N.J.

Appearing for Appellee:      Christopher R. Mirick, Pillsbury Winthrop Shaw Pittman LLP
                             (Andrew M. Troop, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Route 21 Associates of Belleville LLC ("Route 21") appeals from the December 26, 2012 judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*) affirming the decision of the United States Bankruptcy Court for the Southern District of New York (Gerber, *B.J.*) denying Route 21's motion to compel specific performance of a site remediation agreement; its claim for administrative priority and its claim for future clean up costs. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm for the reasons set forth in the thorough opinion of the district court. *See Route 21 Assocs. of Belleville, Inc. v. MHC, Inc.*, 486 B.R. 75 (S.D.N.Y. 2012). When a debtor rejects an executory contract pursuant to Section 365 of the Bankruptcy Code, the Code directs the court to treat the contract as if it had breached immediately before the date of the bankruptcy petition's filing, such that all claims arising from that breach are deemed pre-petition claims. 11 U.S.C. § 502(g)(1). The Bankruptcy Code defines a "claim" to include a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5). The creditor is left with only a distribution under the plan of the pro rata value of the claim. 11 U.S.C. § 1141(d)(1)(A). If the obligation is not one that can be reduced to a claim for damages, it cannot be discharged in bankruptcy, and the debtor retains the obligation despite its bankruptcy filing. *See In re Manville Forest Prods. Corp.*, 209 F.3d 125, 128 (2d Cir. 2000). We reject Route 21's arguments that the relief it sought could not be monetized and thus was not a "claim" within the meaning of the Bankruptcy Code. The district court correctly determined that the agreements at issue were executory contracts properly rejected pursuant to the bankruptcy plan, and that no equitable grounds required an order for specific performance. *Route 21*, 486 B.R. at 82-91.

Nor are we persuaded that Route 21's claim should receive administrative priority. Because there are limited resources in a bankruptcy case, "statutory priorities are narrowly construed." *Trs. of the Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 100 (2d Cir. 1986). In a commercial case such as this one, Section 507(a)(2) of the Bankruptcy Code gives first priority to administrative expenses, which include "the actual, necessary costs and expenses of preserving the estate including . . . commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A)(i). As a matter of policy, administrative expenses are given priority because post-petition debtors would otherwise find themselves unable to conduct business. *See McFarlin's*, 789 F.2d at 101. "Accordingly, an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *Id.* (internal quotation and citation omitted). Here, the agreements at issue were all entered into pre-petition. The fact that some of the costs were incurred post-petition does not change this. *See In re Manville Forest*, 209 F.3d at 129 (where debtor entered into pre-petition agreement, "[t]he fact that the contingency in this case—the environmental liability claim against [claimant]—materialized post-petition does not transmogrify the claim into a post-petition claim").

We have examined the remainder of Route 21's claims and find them without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk